IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 08-357C
(Judge Lettow)

MARY E. VERBECK,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTRNATIVE, FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD**

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Assistant Director

STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-2377
Facsimile: (202) 305-7643

OF COUNSEL:

LISA M. FLYNN
Assistant Regional Counsel
Office of General Counsel, Region X
U.S. Department of Health and
Human Services

September 9, 2008

Attorneys for Defendant

## TABLE OF CONTENTS

**PAGE(S)**


STATEMENT OF THE ISSUES .......... 1

STATEMENT OF THE CASE .......... 2

STATEMENT OF FACTS. .......... 3

ARGUMENT. .......... 3

I. Standard Of Review For A Motion To Dismiss. .......... 3

II. Ms. Verbeck Has Failed To State A Claim Upon Which This Court Has Jurisdiction. .......... 5

A. This Court's Jurisdiction Is Limited. .......... 5

B. Ms. Verbeck's Claim For Disability Retirement Benefits Should Be Dismissed. .......... 6

C. Ms. Verbeck's EEO Claims Should Be Dismissed. .......... 8

D. Ms. Verbeck's Whistleblowing Claim Should Be Dismissed. .......... 9

III. Defendant Is Entitled To Judgment Upon The Administrative Record. .......... 11

A. Standard Of Review. .......... 11

B. The Court's Review Of The BCCCR's Decision Is Limited. .......... 12

C. The BCCCR's DecisionWas Not Arbitrary Or Capricious, Unsupported By Substantial Evidence Or Contrary To Law Or Regulation. .......... 13

1. Ms. Verbeck's Termination Was Proper .......... 13

2. Ms. Verbeck Was Provided The Basis For Her Termination. .......... 16

3. The BCCCR Correctly Denied Ms. Verbeck's Disability Retirement Claim. .......... 16

CONCLUSION. .......... 17

# TABLE OF AUTHORITIES

## CASES

PAGE(S)

A&D Fire Prot., Inc. v. United States,
72 Fed. Cl. 126 (2006). .......... 11

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998). .......... 3

American Nat'l Bank & Trust Co. v. United States,
22 Cl. Ct. 7 (1990). .......... 4

Bannum, Inc. v. United States,
404 F.3d 1346 (Fed. Cir. 2005). .......... 11

Bell Atlantic Corp. v. Twombly,
550 U. S. ____, 127 S. Ct. 1955 (2007). .......... 4

Bernard v. United States,
59 Fed. Cl. 497 (2004). .......... 13

Bice v. United States,
72 Fed. Cl. 432 (2006). .......... 11

Bockoven v. United States,
727 F.2d 1558 (Fed. Cir.1984), cert. denied, 469 U.S. 880 (1984). .......... 12

Bowen v. United States,
49 Fed. Cl. 673 (2001), aff'd., 292 F.3d 1383 (Fed. Cir. 2002). .......... 3

Canonica v. United States,
41 Fed. Cl. 516 (1998). .......... 9

Conley v. Gibson,
355 U.S. 41 (1957). .......... 3

Doe v. United States,
132 F.3d 1430 (Fed. Cir. 1997). .......... 13

Fort Carson Support Servs. v. United States,
71 Fed. Cl. 571 (2006). .......... 11

Groff v. United States,
72 Fed. Cl. 68 (2006). .......... 11

Hamlet v. United States,
63 F.3d 1097 (Fed. Cir. 1995). .......... 5

Hary v. United States,
223 Ct. Cl. 10 (1980). .......... 13

Hassler v. United States,
34 Fed. Cl. 695 (1996). .......... 5

Heisig v. United States,
719 F.2d 1153 (Fed. Cir. 1983). .......... 12, 13

Hodge v. Dalton,
107 F.3d 705 (9th Cir. 1997). .......... 8

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997). .......... 14

Indium Corp. of America v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986). .......... 4

James v. Caldera,
159 F.3d 573 (Fed. Cir. 1998). .......... 5

Koretsky v. United States,
57 Fed. Cl. 154 (2003). .......... 12

Long v. United States,
12 Cl. Ct. 174 (1987). .......... 12

McCauley v. United States,
38 Fed. Cl. 250 (1997) , aff'd., 152 F.3d 948 (Fed. Cir.), cert. denied,
525 U.S. 1032 (1998). .......... 3

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936). .......... 3

Mercer v. United States,
52 Fed. Cl. 718 (2002). .......... 10

Mitchell v. United States,
44 Fed. Cl. 437 (1999). .......... 9

Myers v. United States,
50 Fed. Cl. 674 (2001). ........................................................................................ 12

Porter v. United States,
163 F.3d 1304 (Fed. Cir. 1998)................................................................................ 12

Rochman v. United States,
27 Fed. Cl. 162 (1992). ........................................................................................ 4

Rominger v. United States,
72 Fed. Cl. 268 (2006). ........................................................................................ 11

Saab Cars USA, Inc. v. United States,
434 F.3d 1359 (Fed. Cir. 2006)................................................................................ 11

Sanford v. United States,
32 Fed. Cl. 363 (1994). ........................................................................................ 5

Slesinski v. United States,
34 Fed. Cl. 159 (1995). ........................................................................................ 13

Soeken v. United States,
47 Fed. Cl. 430 (2000), aff’d., 20 Fed. Appx 900 (Fed. Cir. 2001)............................... 10

Thomas v. United States,
34 Fed. Cl. 619 (1995) , aff'd., 101 F.3d 714 (Fed. Cir. 1996). ....................................... 4

Trauma Serv. Group v. United States,
104 F.3d 1321 (Fed. Cir. 1997)................................................................................ 3

United States v. Testan,
424 U.S. 392 (1976)............................................................................................... 5

Van Cleave v. United States,
70 Fed. Cl. 674 (2006). ........................................................................................ 12

Verbeck v. United States,
Fed. Cl. No. 03-725 (2003). ................................................................................... 2

Voge v. United States,
844 F.2d 776 (Fed. Cir. 1998)................................................................................ 13

Wyatt v. United States,
23 Cl. Ct. 314 (1991). ........................................................................................... 12

## STATUTES & REGULATIONS

5 U.S.C. § 2105. 9

5 U.S.C. § 2302. 9

10 U.S.C. § 1034. 10

10 U.S.C. § 1203. 6

10 U.S.C. § 1214. 6, 7

10 U.S.C. § 1552. 12

28 U.S.C. § 1491. 5

28 U.S.C. § 1491(a)(2). 5

37 U.S.C. § 204. 8

42 U.S.C. § 213(a). 10

42 U.S.C. § 213(a)(2). 5, 8

42 U.S.C. § 213a(a)(2). 7, 10, 12

42 U.S.C. § 213(f). 8

42 U.S.C. § 216(a). 14, 15

42 U.S.C. § 2000e-5(f)(3). 9

29 C.F.R. § 1614.103(d)(1). 8

eCCIS CC23.7.1 7, 8, 13, 14

eCCIS CC23.8.6. 6, 16

eCCIS CC43.7.1 7, 13, 14

eCCIS CC46.4.1 14

**MISCELLANEOUS**

C. Wright & A. Miller, Federal Practice and Procedure §1216 (3rd ed. 2004). ............................ 4

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MARY E. VERBECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-357 C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD**

Defendant respectfully submits this motion to dismiss or, in the alternative, for judgment upon the administrative record. Defendant respectfully requests that the Court to dismiss the plaintiff's complaint for lack of jurisdiction or for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and (6) of the Rules of the Court of Federal Claims ("RCFC"). Alternatively, the defendant respectfully requests that pursuant to RCFC Rule 52.1(b), the Court issue judgment in favor of defendant based upon the administrative record. In support of our motion, we rely upon plaintiff's complaint, the following brief, Defendant's Statement of Facts filed contemporaneously with this brief, the exhibits attached to this motion, and the administrative record of this case filed under separate cover. [1]

**STATEMENT OF THE ISSUES**

(1) Whether Ms. Verbeck's claim for wrongful discharge from the United States Public Health Service ("PHS") Commissioned Corps is a cognizable claim within this Court's jurisdiction.

---

[1]Citations to "AR__" refer to the administrative record being filed concurrently with this submission and "Compl." refers to the plaintiff's complaint in this case.

(2) Whether the decision of the Board for Correction of Commissioned Corps Records ("BCCCR") to deny Ms. Verbeck's application for correction of her personnel records, including her request to rescind her termination, was arbitrary and capricious, unsupported by substantial evidence, or contrary to law or regulation.

**STATEMENT OF THE CASE**

Plaintiff, Mary E. Verbeck was formerly a Lieutenant Commander with the PHS. AR 165. She was assigned to the Division of Immigration Health Services ("DIHS") and worked as a nurse in the Immigration and Naturalization Service ("INS") Service Processing Center ("SPC") in San Pedro, California. Id. On May 1, 2002, Ms. Verbeck was issued a memorandum notifying her of her termination during her probationary period. AR 163-164. Ms. Verbeck was terminated because of her lack of suitability for continued service, and a lack of the professional attitude and attributes expected of an officer. Id. Ms. Verbeck alleges she was terminated in retaliation for filing a discrimination complaint with the Health Resources and Services Administration's Office of Equal Opportunity and Civil Rights ("OEOCR"). See Compl.

Ms. Verbeck previously filed a complaint with this Court on April 9, 2003, alleging (1) she was wrongfully terminated in retaliation for filing an Equal Employment Opportunity ("EEO") complaint, (2) she was wrongfully withheld disability retirement benefits and (3) she was wrongfully withheld promotion. See Verbeck v. United States, Fed. Cl. No. 03-725 (2003). The prior complaint was dismissed after the parties filed a joint stipulation of dismissal. Id. More than a year later, on May 27, 2005, Ms. Verbeck filed an application for correction of her records with the BCCCR. AR 1-294. On or about March 28, 2007, the BCCCR denied Ms. Verbeck's application. AR 430-433. On May 19, 2008, plaintiff filed a new complaint with

this Court claiming (1) she was wrongfully terminated and her termination was the result of reprisal; (2) she was improperly discharged without receiving a fitness for discharge physical prior to her termination; and (3) the decision by the BCCCR was arbitrary and capricious. Compl.

## STATEMENT OF FACTS

The defendant respectfully refers this Court to Defendant's Statement of Facts filed contemporaneously with this motion in accordance with RCFC Rule 52.1.

## ARGUMENT

### I. Standard of Review For a Motion to Dismiss

This Court must grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief.'" McCauley v. United States, 38 Fed. Cl. 250, 262-63 (1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), aff'd., 152 F.3d 948 (Fed. Cir.) (table), cert. denied, 525 U.S. 1032 (1998). Moreover, although the non-jurisdictional factual allegations, as pled, must be presumed true and viewed in the light most favorable to the plaintiff, the burden of establishing the Court's jurisdiction falls squarely upon the plaintiff. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998); Trauma Serv. Group v. United States, 104 F.3d 1321, 1324 (Fed. Cir. 1997); Bowen v. United States, 49 Fed. Cl. 673, 675 (2001) (noting that the plaintiff bears the burden of proof upon a motion to dismiss for lack of jurisdiction), aff'd., 292 F.3d 1383 (Fed. Cir. 2002). In ruling on a motion to dismiss for lack of jurisdiction, the court is not confined to

an examination of the complaint, but may take into account 'evidentiary matters outside the pleadings.'" Thomas v. United States, 34 Fed. Cl. 619, 621 (1995) (quoting Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986)), aff'd., 101 F.3d 714 (Fed. Cir. 1996) (table).

Pursuant to RCFC 12(b)(6), the Court may dismiss a complaint if, as a matter of law, it fails to state a claim upon which relief can be granted. Unlike a RCFC 12(b)(1) disposition, however, "dismissal of plaintiff's complaint . . . for failure to state a claim does not have the legal effect of divesting this court of jurisdiction," and thus operates as a final adjudication, with prejudice, upon the merits. American Nat'l Bank & Trust Co. v. United States, 22 Cl. Ct. 7, 18 (1990). The Supreme Court has provided that, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, "factual allegations must be enough to raise a right to relief above the speculative level," upon the assumption that all the allegations in the complaint are true even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U. S. ____, 127 S. Ct. 1955, 1965 (2007) (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE §1216, pp. 235.236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")). Before a party is entitled to present facts in support of its claim, it must first establish that it has adequately stated a claim. Id. at 1969-70. Further, the Court should not place any weight upon any assertions in the complaint other than allegations of fact, because "legal conclusions, deduction, or opinions couched as factual allegations are not given a presumption of truthfulness." Rochman v. United States, 27 Fed. Cl. 162, 168 (1992) (citation omitted).

## II. Ms. Verbeck Has Failed To State A Claim Upon Which This Court Has Jurisdiction

### A. This Court's Jurisdiction Is Limited

Ms. Verbeck cites 28 U.S.C. § 1491, the Tucker Act, as the basis for this Court's jurisdiction. The Tucker Act, however, is only a jurisdictional statute and does not create any substantive right enforceable against the United States for money damages. United States v. Testan, 424 U.S. 392, 398 (1976). "In order to invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States." James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) (citing Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995)). In short, a Tucker Act plaintiff must assert a claim under a separate money-mandating provision which supports a claim for damages. James, 159 F.3d at 580. Absent a money-mandating statute, this Court lacks the power to grant relief. Sanford v. United States, 32 Fed. Cl. 363, 365 (1994). Moreover, equitable relief may only be granted if it is collateral to a money judgment. 28 U.S.C. § 1491(a)(2); Hassler v. United States, 34 Fed. Cl. 695, 699 (1996).

Ms. Verbeck cites to 42 U.S.C. § 213(a)(2) as a money-mandating statute, but it does not apply here. 42 U.S.C. § 213(a)(2) provides that officers who perform active service "on detail for duty with the Army, Navy, Air Force, Marine Corps or Coast Guard" shall be entitled to the same rights, privilege, immunities and benefits provided to commissioned officers in the Army or their surviving beneficiaries for the period of the detail. Here, Ms. Verbeck's service while a member of the Commissioned Corps was with the DIHS, not any of the armed services. Thus, 42 U.S.C. § 213(a)(2) does not establish the Court's jurisdiction.

**B. Ms. Verbeck's Claim For Disability Retirement Benefits Should Be Dismissed**

In Count II of her complaint, Ms. Verbeck argues that she is entitled to damages based upon her claim that she should have been placed upon the Temporary Disability Retired List ("TDRL"). Compl. ¶ 60-63 and prayer for relief. Officers for whom disability retirement may be temporary because their condition has not stabilized or they may recover in the near future are placed upon the TDRL. Electronic Commissioned Corps Issuance System ("eCCIS", formerly known as the Commissioned Corps Personnel Manual "CCPM") CC23.8.6 § (J)(4) (Def. App. 14).[2] Officers upon the TDRL receive a disability retirement with disability pay. If Reserve Corps officers placed upon the TDRL are later found fit for duty, they will be removed from the TDRL and returned to active duty only if a position is available. Id.

Notwithstanding her claims, Ms. Verbeck fails to establish – and is unable to establish – that her disability retirement benefits claim is based upon a money-mandating statute. In her complaint, Ms. Verbeck attempts to invoke jurisdiction pursuant to "Title 10, U.S. Code, Chapter 61, and Section 221(a)(2) of the Public Health Service Act." Compl. ¶¶ 2, 60-61. 10 U.S.C. §§ 1203, 1214. However, Ms. Verbeck fails to demonstrate how she qualifies for compensation pursuant to these provisions. Ms. Verbeck's argument assumes that she would have been found unfit for duty by a PHS Medical Review Board, thereby making her eligible to apply for disability retirement and placement upon the TDRL instead of being terminated. Despite her

[2] The Electronic Commissioned Corps Issuance System is publicly available online at http://dcp.psc.gov/eccis/. For the Court's convenience, however, we have appended a copy of the pertinent provisions to this motion. "Def. App. __" refers to a page in the appendix attached to this motion.

claims, Ms. Verbeck's own statements and medical history belie this notion. Her medical records establish that she saw her own physician on February 15, 2002 who determined that she was fit to return to full duty. AR 393. See also AR 249 (Ms. Verbeck is "considered fit for duty"). Ms. Verbeck testified in an affidavit, submitted to the EEO investigator, that she did not have a qualifying disability under the definition of Section 501 of the Rehabilitation Act and that she was able to perform all the functions of her position without any accommodation. AR 696. Moreover, on March 7, 2002, Ms. Verbeck's second opinion psychiatric evaluation found her fit for duty. AR 189-191 (Ms. Verbeck is "psychiatrically fit for duty"). Nothing in Ms. Verbeck's complaint raises the right to relief pursuant to this provision above a speculative level.

The other statute that Ms. Verbeck relies upon, 10 U.S.C. § 1214, refers to the "[r]ight to full and fair hearing," but does not mandate compensation. In her complaint, Ms. Verbeck incorrectly posits that pursuant to 10 U.S.C. § 1214, she was entitled to a hearing. Compl. ¶ 61. However, 10 U.S.C. § 1214 provides that members of the armed forces may not be retired or separated from service upon account of a physical disability without a full and fair hearing, if requested. The provisions of Chapter 61 of Title 10, including 10 U.S.C. § 1214, are extended to members of the Commissioned Corps through 42 U.S.C. § 213a(a)(2). Regardless, 10 U.S.C. § 1214 does not apply to Ms. Verbeck in this instance because she was not terminated for a physical disability. Rather, she was terminated because she was found unsuitable for continued service based upon conduct. The regulation governing involuntary terminations provides that "[t]he commission of any reserve corps officer on active duty may be terminated without cause at any time during the 3-year probationary period." eCCIS CC43.7.1 § (D)(1) (Def. App. 18). Moreover, personnel instruction eCCIS CC23.7 § (D)(1) recognizes "unsuitability" as one of the

reasons why an officer may be separated from active duty during the 3-year probationary period, if the officer is removed for cause. eCCIS CC23.7 § (D)(1) (Def. App. 2). There is no provision that entitles officers to a hearing prior to termination. Ms. Verbeck joined the Commissioned Corps as a member of the Reserve Corps on November 1, 1999 and was terminated effective as of June 1, 2002. AR 407, 410-412. Because she was in a probationary status when she was terminated, she was not entitled to a pre-separation hearing, and cannot establish any right to relief pursuant to this section.

### C. Ms. Verbeck's EEO Claims Should Be Dismissed

Ms. Verbeck alleges that the PHS violated EEO laws by retaliating against her for filing an EEO complaint.[3] Compl. ¶ 55-58, 63, 65. In essence, Ms. Verbeck is requesting that this Court re-adjudicate the merits of her EEO claims under Title VII of the Civil Rights Act of 1964. This Court, however, does not possess jurisdiction to review these claims.

As an initial matter, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2000e-17, does not apply to members of the Commissioned Corps. The Equal Employment Opportunity Commission ("EEOC"), the entity authorized to implement and enforce Title VII, has found that Title VII does not apply to uniformed members of military departments. 29 C.F.R. § 1614.103(d)(1); see also Hodge v. Dalton, 107 F.3d 705, 707-09 (9th Cir. 1997) (validating EEOC's interpretation that Title VII does not apply to uniformed members of the military). Pursuant to 42 U.S.C. § 213(f), Commissioned Corps officers on active service "shall be deemed to be active military service in the Armed Forces of the United States for

---

[3] Ms. Verbeck erroneously cites to 37 U.S.C. § 204 when noting that "PHS regulations prohibit reprisal against those who submit an EEO complaint. 37 U.S.C. § 204 pertains to pay entitlements for members of the uniformed services, it does not relate to EEO matters.

purposes of all laws related to discrimination upon the basis of race, color, sex, ethnicity, age, religion, and disability." Because Title VII does not apply to members of the military and Commissioned Corps officers are considered part of the active military service for the purpose of discrimination laws, Commissioned Corps officers are not covered by Title VII.

Moreover, even assuming arguendo that Title VII applies to members of the military and the Commissioned Corps, jurisdiction over such claims does not lie with the Court of Federal Claims, but with the Federal district courts. 42 U.S.C. § 2000e-5(f)(3); see also Mitchell v. United States, 44 Fed. Cl. 437, 439 (1999) (judicial review of a federal employee's Title VII claim rests with the district courts); Canonica v. United States, 41 Fed. Cl. 516, 523 (1998) (Title VII jurisdiction rests exclusively with federal district courts). Therefore, to the extent that Ms. Verbeck's claims are based upon Title VII, the Court of Federal Claims does not possess jurisdiction over those claims.

**D. Ms. Verbeck's Whistleblowing Claim Should Be Dismissed**

In her complaint, Ms. Vebeck appears to assert that PHS terminated her because she filed an complaint with the Office of Occupational and Safety and Health Administration ("OSHA"). Assuming for the sake of argument that this disclosure could be construed as whistleblowing, the Court of Federal Claims would not possess jurisdiction to hear this claim. First, Commissioned Corps officers do not have any rights with respect to whistleblowing activity. The eCCIS does not address whistleblowing claims of officers and the protections afforded by the Whistleblower Protection Act apply only to civil servants, not members of the uniformed services. See 5 U.S.C. §§ 2105, 2302.

Second, the Military Whistleblower Protection Act ("MWPA"), 10 U.S.C. § 1034, also does not apply to members of the Commissioned Corps. The MWPA provides, in part, that no person may take an unfavorable personnel action against a member of the armed forces for making a communication to someone in his chain of command if that individual reasonably believes that the communication presents evidence of illegal activity, gross mismanagement, a gross waste of funds or abuse of authority. 10 U.S.C. § 1034. However, there is no statutory authority affording the same rights to members of the Commissioned Corps. See 42 U.S.C. § 213a.

Moreover, even if it could be argued that the MWPA applies to the Commissioned Corps, the Court of Federal Claims still does not possess jurisdiction over Ms. Verbeck's whistleblowing claims. In Mercer v. United States, 52 Fed. Cl. 718 (2002), this Court correctly found that the MWPA provides an administrative process for handling complaints concerning personnel actions taken in retaliation for whistleblowing. Mercer, 52 Fed. Cl. at 721. Because only administrative remedies are available under the MWPA, members of the armed services do not have the right to file a cause of action in the Court of Federal Claims. Id. Moreover, this Court has concluded that "the Military Whistleblower Protection Act is not a money-mandating statute such as is required for plaintiff to establish jurisdiction." Soeken v. United States, 47 Fed. Cl. 430, 433 (2000), aff'd., 20 Fed. Appx 900 (Fed. Cir. 2001). Therefore, even if the MWPA applies to Ms. Verbeck's allegations, this Court does not possess jurisdiction to address her whistleblowing claim.

## III. Defendant Is Entitled to Judgement Upon the Administrative Record.

### A. Standard of Review

A motion for judgment upon the administrative record is distinguishable from a motion for summary judgment. Bannum, Inc. v. United States, 404 F.3d 1346, 1355 (Fed. Cir. 2005); see also Saab Cars USA, Inc. v. United States, 434 F.3d 1359, 1372 (Fed. Cir. 2006). In reviewing a motion for judgment upon the administrative record, the Court asks whether, given all the disputed and undisputed facts, a party has met its burden of proof based upon the evidence in the record. A&D Fire Prot., Inc. v. United States, 72 Fed. Cl. 126, 131 (2006). The existence of a question of fact neither precludes the granting of a motion for judgment nor requires this Court to conduct an evidentiary proceeding. See Saab Cars, 434 F.3d at 1372; Fort Carson Support Servs. v. United States, 71 Fed. Cl. 571, 585 (2006). Instead, such fact questions must be resolved by reference to the administrative record, "as if [this Court] were conducting a trial on [that] record." Bannum, 404 F.3d at 1357; see also Groff v. United States, 72 Fed. Cl. 68, 70 (2006).

RCFC 52.1, which replaced the repealed RCFC 56.1, now provides for judgment upon the administrative record. RCFC 52.1. The standard of review for a motion for judgment upon the administrative record under RCFC 52.1 depends upon the specific law to be applied in the specific case. See Rules Committee Note to RCFC 52.1; Rominger v. United States, 72 Fed. Cl. 268, 272 (2006); but see Bice v. United States, 72 Fed. Cl. 432, 441 (2006) ("The standard of review for a motion for judgment on the administrative record under RCFC 52.1 remains unchanged from the standard under the now-repealed RCFC 56.1.").

**B. The Court's Review Of The BCCCR's Decision Is Limited**

In the present case, the Court is governed by the well-settled standards governing review of military correction board decisions.[4] Once a plaintiff has sought relief from a correction board, she is bound by that board's determination unless she can demonstrate that the board's determination was arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations. Porter v. United States, 163 F.3d 1304, 1312 (Fed. Cir. 1998); Koretsky v. United States, 57 Fed. Cl. 154, 158 (2003); Myers v. United States, 50 Fed. Cl. 674, 688 (2001).

This standard of review "does not require a reweighing of the evidence, but a determination whether the conclusion being reviewed is supported by substantial evidence." Heisig v. United States, 719 F.2d 1153, 1157 (Fed. Cir. 1983). Because the Court of Federal Claims does not sit as a "super correction board," when substantial evidence supports a board's action, and when that action is reasonable in light of all the evidence presented, the Court will not disturb the result. Van Cleave v. United States, 70 Fed. Cl. 674, 678-79 (2006).

Judicial review in this case is limited to the administrative record before the board. See Wyatt v. United States, 23 Cl. Ct. 314, 319 (1991); Long v. United States, 12 Cl. Ct. 174, 177 (1987). Additionally, as a general rule, courts presume civil and military officials in the armed forces act properly and in accordance with the law. Bockoven v. United States, 727 F.2d 1558, 1563 (Fed. Cir.1984), cert. denied, 469 U.S. 880 (1984). Accordingly, Ms. Verbeck bears the heavy burden of overcoming the "strong, but rebuttable, presumption" that the military

[4] 42 U.S.C. § 213a(a)(12) provides that members of the Commissioned Corps are entitled to the rights afforded commissioned officers of the Army under 10 U.S.C. § 1552 "Correction of military records; claims incident thereto."

discharges its duties "correctly, lawfully and in good faith." Bernard v. United States, 59 Fed. Cl. 497, 501 (2004), (quoting Hary v. United States, 223 Ct. Cl. 10, 17 (1980)).

Finally, when a decision is made concerning who is or who is not fit to serve, that decision is generally entitled to great deference. Doe v. United States, 132 F.3d 1430, 1434 (Fed. Cir. 1997); Slesinski v. United States, 34 Fed. Cl. 159, 163 (1995). Responsibility for determining who is fit or unfit to serve is not a judicial province, and courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions upon the same evidence. Heisig v. United States, 719 F.2d at 1156; Bernard, 59 Fed. Cl. at 501. Furthermore, it is "singularly inappropriate" to second-guess the judgment of military medical officers. Voge v. United States, 844 F.2d 776, 780 (Fed. Cir. 1998); Slesinski, 34 Fed. Cl. at 153-64.

### C. The BCCCR's Decision Was Not Arbitrary Or Capricious, Unsupported By Substantial Evidence Or Contrary To Law Or Regulation

In her complaint, Ms. Verbeck argues that she was terminated in retaliation for filing a prior EEO complaint, that she was terminated without a hearing, and she was entitled to a disability retirement in lieu of removal. Ms. Verbeck's claims of unlawful termination are without merit. The record shows that Ms. Verbeck's termination was fully warranted.

#### 1. Ms. Verbeck's Termination Was Proper

Ms. Verbeck was terminated, on June 1, 2002, because she was unsuitable for continued service with the Commissioned Corps. AR 163-164. At the time of her termination, Ms. Verbeck had not yet completed her three-year probationary period. Pursuant to eCCIS CC43.7.1 and CC23.7.1, all officers called to active duty in the Reserve Corps are required to

serve a 3-year probationary period. See Def. App. 1-6, 18. Similar to officers commissioned pursuant to Title 10, United States Code, who serve a probationary period of five years, Holley v. United States, 124 F.3d 1462, 1467 (Fed. Cir. 1997) (Section 630 states "the procedures for the discharge of probationary officers are left to the discretion of the Agency"), commissioned officers in the PHS can be dismissed during their probationary period at the discretion of the PHS. 42 U.S.C. § 216(a); eCCIS CC43.7.1 (Def. App. 18), CC23.7.1 (Def. App. 1-6). An officer may be separated from the Commissioned Corps with or without cause. Because Ms. Verbeck was within her three-year probationary period when she was terminated, her discharge is within the sound discretion of the PHS.

The procedures governing the involuntary separation of officers during their probationary period are set forth in eCCIS CC23.7.1. See Def. App. 1-6. During an officer's probationary period, "the officer's performance, conduct, dedication to duty, professionalism as a member of a Uniformed Service, flexibility, and willingness to accept new assignments will be monitored closely." See eCCIS CC23.7.1 § (D)(1) (Def. App. 2). An officer may be separated from active duty if "the officer demonstrates general character traits that make him/her unsuitable for continued service" and fails "to demonstrate the level of performance, conduct, dedication to duty, or professional attitude and attributes expected of an officer in the Uniformed Services." Id. Furthermore, an officer's commission may be terminated without a hearing if she is being separated during the probationary period. See eCCIS CC46.4.1 § (G)(3) (Def. App. 31). Ms. Verbeck was appointed as a reserve officer to the Commissioned Corps on November 1, 1999, and was terminated effective June 1, 2002. AR 407, 410. Therefore, the PHS followed proper procedures in terminating Ms. Verbeck.

Moreover, the reasons for Ms. Verbeck's termination are well documented in the administrative record. It is clear that Ms. Verbeck's conduct, not her EEO activity or complaint to OSHA, motivated the decision to terminate her commission. Ms. Verbeck was found to be unsuitable for continued service and to lack the "professional attitude and attributes expected of an officer in a Uniformed Service." AR 163. Ms. Verbeck was unsuitable because she would have frequent episodes of crying and emotional, angry outbursts with the staff. AR 338-339. See also AR 344, 346. She was non-responsive to counseling and management's efforts to assist her were seen as a "personal affront to her character." AR 338. See also AR 491. She frequently interrupted the work of others, disagreed with management decisions, questioned the orders of supervisors, and questioned how staff members were performing their duties, although she had no supervisory authority. AR 369-370. See also AR 371-386 (detailing recurrent pattern of unacceptable behavior of Ms. Verbeck), 490-491. Her excessive interruptions decreased productivity at the facility. AR 370. She would be demeaning to others and was constantly upset about something. Id. Employees, as well as supervisors complained about her behavior. Id. Her supervisors attempted to counsel her but she would disregard the advice and declared that "'she would do things her way.'" Id. She also exhibited the same inappropriate behavior at her prior duty station at the INS in Queens, New York. AR 338, 344-345. Her supervisor, Commander Anthony, was concerned about Ms. Verbeck's judgment. AR 371. She believed that Ms. Verbeck "does not presently posses the cognitive abilities to safely perform her duties" and she posed "a potential threat to the safety of the employees" of the facility. Id. Therefore, the PHS had strong and well-documented grounds for finding Ms. Verbeck unsuitable for further commissioned service.

**2. Ms. Verbeck Was Provided The Basis For Her Termination**

Ms. Verbeck erroneously claims that PHS failed to provide her a basis for her termination; however, she was informed in her termination letter, dated May 1, 2002, that she was being terminated because she was unsuitable and her "lack of professional attitude and attributes expected of an officer in a Uniformed Service." AR 163. Moreover, her supervisors attempted to counsel her about her improper behavior upon several occasions, therefore, Ms. Verbeck should have been well aware of the specific conduct regarding her termination. AR 338, 369-370, 491, 496.

**3. The BCCCR Correctly Denied Ms. Verbeck's Disability Retirement Claim**

Ms. Verbeck claims that she was entitled to have her medical records reviewed by a Medical Review Board ("MRB") prior to her termination. In her complaint, Ms. Verbeck claims that she requested that her termination be held in abeyance until she "could be qualified for medical release from the PHS . . . ." Compl. ¶ 41. However, the personnel instruction governing disability retirement for Commissioned Corps officers provides "[w[hen an officer is being processed for separation or retirement for reasons other than physical disability . . . [t]he officer shall not be referred for disability evaluation unless his/her physical condition raises substantial doubt that he/she is fit to continue to perform the duties of his/her office and grade . . . ." eCCIS CC23.8.6 § (H)(b) (Def. App. 11-12). At the time of her separation, Ms. Verbeck's physical condition was not at issue. She was absent from work on February 7 and 12, 2002, due to depression, with no indication that she was physically affected. AR 391, 392. Moreover, on February 15, 2002, her own doctor cleared her to return to work despite her depression. AR 393.

See also AR 249 (February 27, 2002 letter providing that Ms. Verbeck was "considered fit for duty"). This was confirmed by a second opinion rendered on March 7, 2002, which found Ms. Verbeck fit for duty. AR 189-191 (Ms. Verbeck "is considered psychiatrically fit for full duty."). Finally, during the BCCCR's evaluation of Ms. Verbeck's application, Captain Vito Caserta, Senior Medical Evaluations Officer for the Medical Affairs Branch, confirmed that the record supported the conclusion that Ms. Verbeck was fit for duty at the time of her termination. AR 403.

Moreover, Ms. Verbeck's prayer for relief presumes that if she had been referred for another fitness evaluation, she would have been found unfit for duty and eligible for a disability retirement. Ms. Verbeck, however, fails to demonstrate how this might be possible, especially in light of the unrebutted contemporaneous evidence in the administrative record to the contrary. In seeking placement upon the TDRL, Ms. Verbeck is essentially asking this Court to make a medical determination that she was unfit for duty, a decision that is beyond this Court's purview.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant defendant's motion to dismiss pursuant to RCFC 12(b)(1) and (6), or in the alternative, grant judgment upon the administrative record pursuant to RCFC 52.1.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

OF COUNSEL:
LISA M. FLYNN
Assistant Regional Counsel
Office of General Counsel, Region X
U.S. Department of Health and
Human Services

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

September 9, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on this 9th day of September, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice