MANUAL: Personnel
Chapter Series CC--Commissioned Corps Personnel Manual
Part 2--Commissioned Corps Personnel Administration

DEPARTMENT OF HEALTH AND HUMAN SERVICES

Chapter CC23--Staffing
Subchapter CC23.7--Separation
Personnel INSTRUCTION 1--Involuntary Separation During the Probationary Period Served by Officers on Active Duty in the Reserve Corps

CONTENTS


| Section | Subject | Page |
|---|---|---|
| A. | Purpose and Scope | 1 |
| B. | Authority | 1 |
| C. | Background | 2 |
| D. | Policy and General Requirements | 2 |
| E. | Procedures | 4 |
| F. | Privacy Act Provisions | 6 |


## Section A. Purpose and Scope

This INSTRUCTION sets forth the policies and procedures concerning involuntary separation during the 3-year probationary period which officers called to active duty in the reserve corps of the Commissioned Corps of the Public Health Service (PHS) are required to serve.

This INSTRUCTION does not apply to the involuntary separation of officers due to the expiration of a limited tour of duty during the probationary period.

## Section B. Authority

1. The statutory authorities for appointment, call to active duty, and separation of reserve corps officers of the PHS Commissioned Corps are contained in sections 203 and 207(a)(2) of the PHS Act (42 U.S.C. 204 and 209(a)(2)).

2. Regulations which establish the 3-year probationary period for reserve corps officers are set forth in Subchapter CC43.7, INSTRUCTION 1, "Separation of Officers in the Regular and Reserve Corps Without Consent of the Officers Involved," of this Manual. These regulations were issued under authority of section 215(a) of the PHS Act (42 U.S.C. 216(a)).

3. Authority to terminate commissions of reserve corps officers as provided in this INSTRUCTION has been delegated to the Director, Division of Commissioned Personnel (DCP).

## Section C. Background

The PHS Commissioned Corps consists of both a regular and reserve corps. The regular corps comprises career-oriented officers who have completed the probationary period and have expressed long-term commitments to the mission and goals of the Department of Health and Human Services (DHHS), and whose requests for regular corps appointment have been favorably considered by their professional category and confirmed by the U.S. Senate. The active reserve corps serves as an adjunct to the regular corps and expands and contracts according to the needs of DHHS. Newly commissioned officers enter on active duty in the reserve corps.

## Section D. Policy and General Requirements

1. Reasons for Separation. All individuals called to active duty in the PHS reserve corps are required to serve a 3-year probationary period. During this period, the officer's performance, conduct, dedication to duty, professionalism as a member of a Uniformed Service, flexibility, and willingness to accept new assignments will be monitored closely. Moreover, in certain categories and grade levels, there are diminishing needs for career officers and only a percentage can be retained beyond a 3-year commitment. At any time during the probationary period, an officer may be separated from active duty for reasons including, but not limited to, the following:

   a. Abolishment of an officer's position as a result of personnel or budgetary limitations; nonavailability of an assignment in the officer's grade, category, occupation, or specialty;

   b. Unsuitability, i.e., the officer demonstrates general character traits that make him/her unsuitable for continued service;

   c. Failure to demonstrate the level of performance, conduct, dedication to duty, or professional attitude and attributes expected of an officer in the Uniformed Services;

d. Refusal to accept reassignment; or

e. Unsatisfactory conduct before call to active duty which is discovered subsequent to entry on duty. This includes making a defective application for appointment by failing to disclose or by misstating any information requested during the application process.

2. Subsequent Tours of Duty. The requirement to serve a probationary period applies not only to the first tour of active duty, but to any subsequent tour of active duty as a reserve corps officer. During the first 3 years of each tour of active duty, the officer may be separated as stated in Section D.1., above.

3. Assimilation into Regular Corps. An officer may apply for assimilation into the regular corps pursuant to the policies and procedures set forth in Subchapter CC23.3, INSTRUCTION 7, "Regular Corps Assimilation Program," of this Manual; however, an officer is not eligible for regular corps appointment until after successful completion of the 3-year probationary period in the reserve corps.

4. Board Review. An officer who is separated under the provisions of this INSTRUCTION is not entitled to a review by a board of officers. However, the Director, DCP, will review and consider all available information supplied by the OPDIVs or Programs on the officer(s) who are serving in the probationary period.

5. Timing of Separation. An officer's separation under the provisions of this INSTRUCTION must be effected before the officer completes the probationary period. Otherwise, procedures applicable to involuntary separation after completion of the probationary period must be applied.

6. Advance Notice and Duty Status. An officer separated under the provisions of this INSTRUCTION will be given at least 30 days advance notice of separation, and ordinarily may be placed in non-duty with pay status until the date of separation. Under extraordinary conditions, an officer may be returned to duty while awaiting separation.

7. Divestment of Entitlements. If separation under the provisions of this INSTRUCTION is a consequence of the officer's conduct or refusal to accept a reassignment, the Director, DCP, may divest the officer of any unused annual leave.

8. Indebtedness to the Government. Separation under this INSTRUCTION may not absolve an officer of indebtedness to the Federal Government, including a financial obligation for training received under a scholarship or similar training program which obligated the officer to serve for a specified period or, as a penalty, to pay a financial obligation for failure to complete the required period of service under a special pay contract.

## Section E. Procedures

1. Personnel Orders. Each personnel order calling an applicant or an inactive reserve corps officer to active duty will include the remark: "All reserve corps officers are in probationary status for 3 years following each call to duty (Subchapter CC23.7, INSTRUCTION 1)."

2. Unsatisfactory Performance or Conduct. The procedures stated in this subsection apply to separation for unsatisfactory performance or conduct after entrance on active duty. Procedures in this subsection fall into two categories: individual cases initiated by the OPDIV or Program, and group probationary reviews initiated by DCP.

   Group probationary reviews are based on automated listings of all officers falling within selected call-to-duty dates. It is possible that an officer could be in some stage of the group review process when an individual case is initiated by the OPDIV or Program. If an individual case is under consideration while a group review is in process, the individual case will take precedence, and the group review for that particular officer need not be continued.

   a. Individual Cases. The OPDIVs or programs to which an officer may be assigned, or their representatives are responsible for initiating separation action whenever it becomes apparent during the probationary period that the officer's performance or conduct is below a level desirable for continued service.

      A request for separation must include a justification of the type described in subsections 5.c and 5.d, below, and the officer must be notified when the final justification has been sent to DCP, as described in subsection 5.d, below. However, the time periods described in subsections 5.c and 5.d do not apply; draft and final justifications should be prepared as expeditiously as possible.

   b. Group Probationary Reviews. DCP will periodically notify the OPDIVs or Programs of officers that are entering the last year of their probationary status. During that year, a review of those officers will be conducted as described in subsection 5, below. Supervisors of commissioned officers must insure that their ratings of officers' performance and conduct during the probationary period are consistent with the recommendations which they will make regarding retention beyond the probationary period.

   c. Action by DCP. If the Director, DCP, approves a recommendation for separation, the officer will be provided written notification describing, in general terms, the reason(s) that his/her commission is being terminated and the effective date of the action. The decision of the Director, DCP, is final.

3. For Unsatisfactory Conduct Before Call to Duty. The Director, DCP, will inform the officer and the OPDIV or Program to which the officer is assigned, in writing, of the reasons for termination and the effective date (see Section D.6, above). The decision of the Director, DCP, is final.

4. For Abolishment of Position. Requests for separation must describe the circumstances surrounding the abolishment of the officer's position, such as budget cuts, reorganizations, transfer of functions, and reduction-in-strength. Actions taken to place the officer in another assignment within DHHS or other organization to which an officer may be assigned also must be described. Determinations of nonavailability of assignments in other organizations will be made by the Director, DCP, on the basis of vacancies reported to DCP.

   This subsection also applies when an officer in the probationary period is on detail to a non-DHHS organization under a Memorandum of Agreement or Memorandum of Understanding, and that organization cancels the detail agreement for that officer.

5. Status Review Upon Completion of Probation. Prior to completion of the 3-year probationary period, each officer will be reviewed pursuant to the procedures set forth below.

   a. DCP will notify each OPDIV or Program to which officers are assigned, of officers who are entering their last year of probation. This notice will be issued approximately 12 months prior to the end of probation.

   b. The OPDIV or Program will review the performance and conduct of officers covered by the notice, and will make a recommendation to DCP regarding each officer's retention beyond probation. This recommendation is due in DCP in time to allow at least nine full months before the end of probation.

   c. During the next 3-month period (i.e., between 6 and 9 months prior to the end of probation), the OPDIV or Program will prepare and send to DCP, a draft justification for those officers who were recommended for termination. The justification will describe the conduct and/or performance which is unsatisfactory, how that performance or conduct fails to meet requirements, and what actions have been taken to attempt to improve the performance or conduct. The justification should include all available documentation of the performance and/or conduct and a description of any discussions held with the officer.

   d. During the next 2-month period (i.e., between 4 and 6 months prior to the end of probation), the OPDIV or Program will prepare and send to DCP, the final justification for those officers recommended for termination. The OPDIV or Program should notify the officer in writing that it has officially requested the termination of the officer's

commission under the provisions of this INSTRUCTION. This notice will be delivered to the officer as soon as practicable after the final justification has been sent to DCP. The OPDIV or Program will make a copy of the final justification available to the officer upon request.

e. During the next 2-month period (i.e., between 2 and 4 months prior to the end of probation), the Director, DCP, will review the termination request and render a decision to retain on duty or to terminate the commission.

f. If circumstances allow, the actions specified in this procedure may be conducted on a more rapid timeframe than specified above; the timeframe provides optimum processing speed needed to insure timely action within the probationary period.

g. The review process described in this subsection applies to officers reviewed as a group upon entering their last year of probation. When it becomes apparent before the last year of probation that an officer should be separated under probation, the OPDIV or Program should begin the process under the individual case procedures as soon as practicable, as described in subsection 2.a, above.

h. A recommendation for retention under this subsection does not preclude a subsequent request for termination. If circumstances that warrant separation of an officer become apparent after the officer has been recommended for retention, the OPDIV or Program should notify DCP as soon as practicable and immediately provide the necessary justification.

## Section F. Privacy Act Provisions

Personnel records are subject to the Privacy Act of 1974. The applicable systems of records are 09-37-0002, "PHS Commissioned Corps General Personnel Records, HHS/OASH/OSG," and 09-37-0006, "PHS Commissioned Corps Grievance, Investigatory, and Disciplinary Files."

MANUAL: Personnel
Chapter Series CC--Commissioned Personnel Manual
Part 2--Commissioned Corps Personnel Administration

DEPARTMENT OF HEALTH AND HUMAN SERVICES
Public Health Service

Chapter CC23--Staffing
Subchapter CC23.8--Retirement
Personnel INSTRUCTION 6--Disability Retirement

CONTENTS


| Section | Subject | Page |
|---|---|---|
| A. | Purpose and Scope | 2 |
| B. | Authorities | 2 |
| C. | Eligibility | 2 |
| D. | Responsibilities | 3 |
| E. | Requirements for Disability Retirement or Separation with Benefits | 3 |
| F. | Request for Fitness Evaluation | 4 |
| G. | Emergency Retirements | 5 |
| H. | Inappropriate Requests for Fitness Evaluation | 5 |
| I. | Medical Examination | 6 |
| J. | PHS Medical Review Board (PHS MRB) | 6 |
| K. | Rating of Disability | 8 |
| L. | Computation of Pay | 9 |

## Section A. Purpose and Scope

The purpose of this INSTRUCTION is to provide general information on retirement of PHS commissioned officers for physical disability. More detailed information is contained in Commissioned Corps Personnel Manual (CCPM) Pamphlet No. 47, "Disability Evaluation Manual for the Commissioned Corps of the U.S. Public Health Service," which may be obtained from the Medical Branch, Commissioned Personnel Operations Division (CPOD), Office of Personnel Management (OPM), Office of Management (OM)/PHS, Parklawn Building, Room 4-35, 5600 Fishers Lane, Rockville, Maryland 20857 (telephone: 301-443-2606.).

## Section B. Authorities

1. General Authorities. Statutory authority for the retirement of commissioned officers of PHS due to physical disability is contained in Title 10, U.S. Code, Chapter 61, and Section 221(a)(2) of the PHS Act. Regulations regarding disability retirement are set forth in Subchapter CC43.8, INSTRUCTION 1, of this manual. To assure uniform interpretation of the law among the uniformed services, PHS has adopted as policy the guidelines, definitions, and policies set forth in the Department of Defense (DoD) Directive 1332.18 (subject: Uniform Interpretation of Laws Relating to Separation from the Military Service by Reason of Physical Disability), and the Veterans Administration Schedule for Rating Disabilities (VASRD).

2. Delegated Authorities. The Assistant Secretary for Health (ASH), or his/her designee, has authority to approve all disability retirements or separations. The Director, CPOD, has been delegated authority to appoint PHS Medical Review Boards (PHS MRB) and to initiate action on requests for fitness evaluations.

## Section C. Eligibility

All officers, reserve or regular, serving on active duty are covered by the above-indicated disability retirement provisions with the exception of Commissioned Officer Student Training and Extern Program (COSTEP) and Senior COSTEP participants who are excluded from disability retirement under Section 221(a)(2) of the PHS Act (42 USC 213a[a][2]). Former officers who become physically disabled after separation from PHS, even though the origin of the disability may be service-connected, are not eligible for disability benefits from PHS. However, they may be eligible for compensation from the Veterans Administration (VA) and should apply to that agency for adjudication of any claim.

## Section D. Responsibilities

The Chief, Medical Branch, CPOD, has been assigned responsibility for informing the officer and the designated hospital concerning the required medical evaluation relating to disability retirement, presenting the resultant reports to the PHS MRB, informing the officer of the findings and recommendations of the PHS MRB, counseling the officer and program officials concerning administrative procedures and disability entitlements, and handling the administrative arrangements for Appeals Boards (see CCPM Subchapter CC23.8 INSTRUCTION 7).

## Section E. Requirements for Disability Retirement or Separation with Benefits

1. Fitness for Duty Determination. To be eligible for disability retirement or separation, an officer must be found unfit to perform the duties of his/her grade, category, or office because of one or more physical or mental conditions. The disabling condition must be permanent in nature or one which may become permanent. In some cases, a finding of unfitness may be based on medical facts alone; for example, in the case of a severe illness or injury if continuation of active service would obviously be deleterious to the officer's health or significantly interfere with his/her ability to perform official duties. In other cases, however, evaluation of an officer's performance by his/her supervisors may provide better evidence regarding fitness than an estimate by examining physicians based on medical findings alone. The fact that an officer has a medical condition which could, under certain circumstances, render the individual unfit does not, per se, make him/her unfit. The officer's demonstrated level of performance is usually the key factor in determining fitness. On the other hand, demonstrated unfitness to perform is not necessarily due to physical disability. A cause-effect relationship between an officer's inability to perform and his/her physical condition must be established.

2. Service-incurred or -aggravated. To be eligible for disability benefits, an officer found unfit because of a physical disability must have acquired such disability while on active duty. The disability may be due to a condition incurred on active duty or due to a preexisting condition which was aggravated by service. The presumption is made that an officer was physically fit at the time of his/her call to active duty and any condition incurred or aggravated subsequently is considered service-connected with the following exceptions:

    a. Physical disabilities noted at the time of the officer's commissioning physical examination or call to active duty and no service aggravation of the disability has occurred. "Natural progression" of a disease is not considered service aggravation.

b. Abnormalities discovered subsequent to entry on active duty which impel the conclusion that they must have existed or have originated before the individual entered PHS. As a matter of policy, any condition which becomes disabling after 180 days of active duty will be sufficient evidence of service connection unless the officer willfully withheld information which would have established the preexistence of the disabling condition.

c. Any expected disability occurring as a result of necessary treatment of a condition which was neither service-incurred nor -aggravated.

3. Line of Duty. A disabling disease or injury incurred while on active duty must also be incurred in the line of duty to qualify an officer for disability benefits. In general, a condition acquired or aggravated while on active duty with PHS will be considered to have occurred in line of duty except for those incurred under the following circumstances:

a. As a result of an officer's misconduct.

b. While absent without leave.

c. As a result of an officer's willful neglect.

4. Disposition of Cases. An officer found unfit because of a permanent disability cannot ordinarily be retained on active duty even though further hospitalization may be required. The officer will normally be separated, placed on the temporary disability retired list (TDRL), or permanently retired. However, with the consent of the officer and the officer's program of assignment, ASH may defer the disposition of the case if the officer can still serve with appropriate assignment limitations and his/her disability is basically stable or only slowly progressive and does not require extensive medical care or jeopardize the officer's health. In no case will an officer who is physically disabled be retained on active duty solely to increase benefits.

## Section F. Request for Fitness Evaluation

A request for a fitness evaluation should be addressed to the Director, CPOD, Parklawn Building, Room 4-35, 5600 Fishers Lane, Rockville, Maryland 20857, and may be initiated through one of the following mechanisms:

1. Officer's Own Initiative. An officer may request, in writing, a fitness evaluation when he/she feels unable to perform the duties of his/her office and grade because of medical reasons.

2. Program Official's Initiative. A program official may request, in writing, a fitness evaluation on an officer under his/her supervision when reasons for unacceptable performance of duties are suspected to be on medical

grounds. A detailed description of performance limitations must accompany the request.

3. CPOD Initiative. In the usual circumstance, initiation of fitness evaluation will be based on a request from the officer or his/her program official, as stated in 1. and 2., above. However, under the following conditions, the Director, CPOD, may initiate such actions:

   a. If there has been excessive use of sick leave by an officer pursuant to PHS Regulations (CCPM Subchapter CC49.1, INSTRUCTION 1); that is, 90 days of continuous sick leave or 120 days in a 12-month period.

   b. If, according to accepted medical principles, an officer has a medical condition which may be disabling or otherwise places him/her or others in jeopardy if he/she were to continue on active duty. Medical conditions which may necessitate a fitness evaluation are described in DoD Directive 1332.18, Enclosure 3, (Guidelines Regarding Medical Conditions and Physical Defects Which Normally are Cause for Referral to a Physical Evaluation Board).

## Section G. Emergency Retirements

Emergency cases will be processed under the same procedures as any other disability case. An officer sustaining an acute, possibly fatal, injury or illness will not be eligible for disability retirement during the immediate emergency period. The fact that death may, or is likely to, ensue during the emergency period is not grounds for disability. If, however, after a reasonable period of observation and treatment (generally after 72 hours of hospitalization) it becomes obvious that the condition causing the emergency will, or is likely to, result in permanent disability or death, the officer or his/her next of kin acting in his/her behalf, may, after counseling from the Medical Branch, CPOD, request disability retirement. Such request will be processed expeditiously but the same procedures will apply as with any other disability retirement.

## Section H. Inappropriate Requests for Fitness Evaluation

Such factors as the following are not to be used as the sole basis for initiating a fitness evaluation:

a. The officer's inability at some later date on active duty to meet the physical standards for initial entry into PHS.

b. Pending voluntary or involuntary separation or retirement. When an officer is being processed for separation or retirement for reasons other than physical disability, the officer's continued performance of duty until he/she is scheduled for separation for other purposes creates a presumption that the officer is fit for duty. The officer shall not be referred for

disability evaluation unless his/her physical condition raises substantial doubt that he/she is fit to continue to perform the duties of his/her office and grade or he/she was previously retained on active duty as an exception to policy.

c. Inability to physically qualify for specialized duties requiring a high degree of physical fitness.

d. Inability to physically qualify for transfer to another uniformed service or another component or program within PHS.

The Director, CPOD, in consultation with the Chief, Medical Branch, CPOD, will make the final determination about the merits of a fitness for duty request.

## Section I. Medical Examination

1. Arrangements. Upon receipt of a request for a fitness evaluation from the officer, the officer's program official, or, at the initiative of the Director, CPOD, the Chief, Medical Branch, CPOD, will arrange for a complete medical examination of the officer at an appropriate medical facility.

2. Examining Facility. In the usual circumstance, the medical examination will be carried out at a Uniformed Services medical facility. In this event, the medical board (MB) procedure established within the facility shall be used and completed reports shall be referred to the PHS MRB for the decision regarding fitness and for the rating of disabilities, if appropriate.

3. Examinations at Other Than Uniformed Services Facilities. The PHS MRB may accept medical examinations, without requiring MB examinations, from either governmental or private sources as the basis for making a determination of fitness if the PHS MRB finds it to be in the best interest of the Government and the officer.

## Section J. PHS Medical Review Board (PHS MRB)

1. Responsibilities of the PHS MRB. The PHS MRB, which is established pursuant to PHS regulations (CCPM Subchapter CC49.3, INSTRUCTION 1), is responsible for making formal recommendations to ASH regarding an officer's fitness for duty and the rating of disabilities.

2. Composition of the PHS MRB. The Director, CPOD, is responsible for the appointment of PHS MRB members. The PHS MRB shall consist of three or more senior officers in the medical category. The officers shall be board eligible or board certified in a clinical specialty or otherwise qualified in medicine by experience. A senior dental officer may also be appointed as a member. A majority of those members considering psychiatric cases shall be board eligible or board certified in psychiatry. The Chief, Medical

Branch, CPOD, or designee, shall serve as the executive secretary of the PHS MRB.

3. Case Presentation. The Chief, Medical Branch, CPOD, shall collect and present to the PHS MRB all pertinent material available on the physical and mental fitness of the officer to perform his/her duties, including the official request for a fitness determination, medical findings from MB or other sources, and such other information as deemed pertinent for determining performance capability.

4. PHS MRB Findings. If the information is sufficient to make a decision, the PHS MRB shall find the officer:

   a. Fit for Full Duty. If the PHS MRB finds the officer fit for full duty, he/she is expected to perform the duties of his/her grade and office without significant restrictions;

   b. Fit for Limited Duty. If the officer and his/her program of assignment concur, the officer may return to duty with limitations as stipulated by the PHS MRB. Such limited duty status normally will not exceed one year. At the end of one year, a finding of fitness or unfitness for duty must be rendered by the PHS MRB;

   or

   c. Unfit for Duty. An officer found unfit may not be retained on active duty (unless an exception has been granted by ASH) but must be separated or retired in accordance with existing laws, regulations, and policies. The officer may be:

      (1) Separated Without Benefits (e.g., disability not incurred in line of duty; disability caused by a nonservice-incurred condition; or disability is the result of a noncompensable condition such as alcohol and/or drug abuse [see CCPM Subchapter CC29.3, INSTRUCTION 8])

      (2) Separated with Severance Pay. In this case, the officer will receive a lump-sum payment based upon years of active duty and will be separated from PHS. The officer will receive no further benefits from PHS but should apply to VA for possible benefits administered through that agency, including disability payments, hospital care, etc.

      (3) Permanently retired. A disability is permanent if, based on accepted medical principles, the defect has stabilized so that the compensable percentage rating is not expected to change during the next five years or if the compensable disability rating is 80 percent or more and the disability will probably not improve so as to be ratable at less than 80 percent during the next five years. An officer who meets either of these requirements and is otherwise qualified shall be permanently retired.

(4) Placed on Temporary Disability Retired List (TDRL). Disability retirement may be temporary when the officer's condition has not stabilized and he/she may recover and become fit for duty or the degree of severity may substantially change within the next five years. In such cases, the officer shall be removed from active duty and placed on TDRL administered by CPOD. While on TDRL, the officer must undergo periodic medical examinations at intervals no greater than 18 months as determined by the PHS MRB.

(a) Review of Officers on TDRL. No officer will be kept on TDRL for more than five years. PHS MRB must review the case at least three months prior to the five years anniversary on TDRL and either recommend return to active duty, permanent retirement, or separation.

(b) Actions Resulting from Finding of Fitness on TDRL Examinations. If the PHS MRB, in reviewing a periodic examination, finds an officer fit for duty and the officer was in the regular corps prior to placement on TDRL, he/she will be returned to active duty if the officer requests such action. Reserve corps officers will be returned to active duty only if a position is available. If there is no suitable assignment, the reserve corps officer will be placed in the inactive reserve component.

## Section K. Rating of Disability

1. Use of VASRD. If the PHS MRB finds an officer eligible for disability benefits, the rating for each compensable disability must be determined from VASRD as modified by DoD Directive 1332.18. When an officer has more than one compensable disability, the percentages are combined rather than added (except when a "note" in the VASRD indicates otherwise). This results from the consideration of the individual's efficiency, as affected first by the most disabling condition, then by the less disabling conditions in the order of their severity. Thus, an officer having a 60 percent disability is considered to have a remaining efficiency of 40 percent. If the officer has a second disability rated at 20 percent, then he/she is considered to have lost 20 percent of that remaining 40 percent, thus reducing his/her remaining efficiency to 32 percent. Hence, a 60 percent disability combined with a 20 percent disability results in a combined rating of 68 percent.

2. Retirement Eligibility. If the officer has less than 20 years of creditable service for retirement purposes and the combined percentage of disability is less than 30 percent, he/she must be separated with severance pay. If the officer has at least 20 years of service for retirement purposes or the percentage of disability is 30 percent or more, he/she must be retired.

## Section L. Computation of Pay

If an officer is permanently or temporarily retired for disability, he/she has a choice between two methods of computing the retired pay. One method is based on percentage of disability and the other is based on years of creditable service (see CCPM Subchapter 23.8, INSTRUCTION 2, Computation of Retired Pay). However, in no instance shall the retired pay exceed 75 percent of the individual's basic pay nor be less than 50 percent of the basic pay while an officer is on TDRL. Either all or part of the disability retirement pay may be exempt from Federal income tax, depending on when the officer entered on active duty, the cause of the disability, and the method of computation of pay. Further information concerning this subject is available from the Retirement, Annuities, and Benefits Section of Compensation and Benefits Branch, CPOD, Parklawn Building, Room 4-35, 5600 Fishers Lane, Rockville, Maryland 20857.

MANUAL: Personnel
Chapter Series--Commissioned Corps Personnel Manual
Part 4--Regulations

DEPARTMENT OF HEALTH AND HUMAN SERVICES
Public Health Service

Chapter CC43 -- Staffing
Subchapter CC43.7 -- Termination
Personnel INSTRUCTION 1 -- Termination of Officers' Commissions in the Regular and Reserve Corps Without the Consent of the Officers Involved

CONTENTS


| Section | Subject | Page |
|---|---|---|
| A. | Purpose and Scope | 1 |
| B. | Authority | 2 |
| C. | Involuntary Termination Boards | 2 |
| D. | Termination of Reserve Corps Officers' Commissions | 3 |
| E. | Termination of Regular and Reserve Corps Officers' Commissions | 6 |
| F. | Termination of Regular Corps Officers' Commissions | 8 |
| G. | Voluntary Termination In Lieu of Disciplinary Action | 9 |
| H. | Cross References | 10 |
| I. | Historical Notes | 10 |
| J. | Privacy Act Provisions | 11 |


Section A. Purpose and Scope

This INSTRUCTION contains regulations governing the termination of officers' commissions in the regular and reserve components of the Public Health Service (PHS) Commissioned Corps without consent of the officers concerned. These regulations pertain only to commissioned officers with less than 20 years of

creditable service for retirement eligibility purposes as defined in Section 211(d) of the PHS Act (42 United States Code (U.S.C.) 212(d)).

Section B. Authority

Sections 203, 207(a)(2), 210(g), 210(i), and 215(a) of the PHS Act (42 U.S.C. 204, 209(a)(2), 211(g), 211(h), 211(i), and 216(a) and 10 U.S.C. Chapter 61 provides the authority for these regulations. The President delegated the authority to terminate commissions of PHS officers to the Secretary, Department of Health and Human Services (HHS), as provided in Executive Order 11140, dated January 30, 1964. Pursuant to 53 Federal Register 5046-5047, February 11, 1988, the Secretary retained the authority to promulgate regulations.

Section C. Involuntary Termination Boards

Except in the case of summary dismissals or cases involving the termination of an officer's commission by a Board of Inquiry (BOI) pursuant to CC46.4-I1, "Disciplinary Action," requests for involuntary termination will be reviewed by an Involuntary Termination Board (ITB). In the case of a reserve officer, an ITB will be composed of at least three senior health professionals and program managers, the majority of whom will be commissioned officers. The ITB will review the officer's service records and relevant documents and recommend either (1) retention with or without reassignment, temporary grade reversion or other disciplinary action, or (2) termination with or without placement in the inactive reserve. The Director, Division of Commissioned Personnel (DCP), will render a final decision. The officer may seek reconsideration by the Surgeon General (SG). If the ITB recommends termination, the officer will be provided at least 30 days notice prior to the effective date of the termination. The Director, DCP, will render a decision whether the characterization of the officers' termination will be "Honorable" with a notation "For the Good of the Service." The officer may seek reconsideration of the termination characterization from the SG.

In the case of a regular corps officer, an ITB will be composed of at least three senior officers, at least one of whom will be of the same category. The ITB will, upon request of the officer or his/her representative, conduct a hearing in accordance with provisions described in Part 2 of the Commissioned Corps Personnel Manual (CCPM). The ITB will recommend either (1) retention, with or without reassignment, demotion or other disciplinary action or (2) termination. The Secretary or his/her designee will render the final Departmental decision on the termination of a regular corps officer. If the officer is terminated as a result of a Board's recommendation, the termination will be characterized as "Honorable" with a notation "For the Good of the Service."

## Section D. Termination of Reserve Corps Officers' Commissions

In addition to the actions that may be taken under Section E. below, the commission of an officer of the reserve corps may be terminated without consent of the officer when such termination would be in the best interest of PHS and any one of the following conditions is present:

1. Probationary Period. A reserve corps officer will serve a probationary period consisting of the first 3 years of any tour of active duty. The commission of any reserve corps officer on active duty may be terminated without cause at any time during the 3-year probationary period. A reserve corps officer may not be assimilated into the regular corps until completion of the 3-year probationary period.

2. Limited Tours of Duty. The commission of a reserve corps officer who is called to active duty under terms of a personnel order which limits the tour of active duty to a specified period of time may be terminated without cause on the terminal date as specified in the personnel order. The first 3 years of such a tour of duty will also be considered the probationary period, as specified in item 1 of this Section.

3. No Suitable Assignment. The service record of a reserve corps officer with more than 3-years of active service during the officer's current tour, may be referred to an ITB for the following reasons:

   a. No program requirement exists for an officer of his/her grade, category, profession, or speciality, or

   b. The officer is unable to obtain an appropriate assignment consistent with his/her pay grade within 120 days of notice that he or she is being returned to PHS from a detail.

4. Misconduct. The service record of a reserve corps officer with more than 3 years of active service during the officer's current tour of duty and with less than 19 years of creditable service for retirement eligibility purposes, as defined in Section 211(d) of the PHS Act (42 U.S.C. 212(d)), may be referred to an ITB if there is evidence that the officer engaged in misconduct. This subsection does not limit the authority of the PHS however, to refer an officer to a Board of Inquiry (BOI) pursuant to CC46.3-I1.

5. Reduction-in-Strength. A reserve corps officer may be released from active duty, without cause, when the SG declares a reduction-in-strength of the commissioned corps. Reduction-in-Strength rosters will be

established by professional category and by profession within the category, where appropriate. Retention preference will be based on the following criteria:

a. Officers in critical shortage professions or specialties;

b. Officers who have demonstrated sustained superior performance;

c. Officers in long-term training;

d. Officers serving periods of obligated service;

e. Officers with 18 to 20 years of creditable service for retirement eligibility purposes as defined in Section 211(d) of the PHS Act (42 U.S.C. 212(d));

f. Officers in the Health Services Officer, Engineer, or Environmental Health Officer categories who have 5 or more years of active duty in the PHS Commissioned Corps and who, because of statutory or regulatory restrictions, are not eligible for appointment to the regular corps;

g. Officers with the greatest number of years of active service in the PHS Commissioned Corps; or

h. Officers with the most creditable service for retirement eligibility purposes.

6. Failure of Promotion; Assistant Grade. A reserve corps officer who has completed less than 20 years of creditable service for retirement eligibility purposes as defined in Section 211(d) of the PHS Act (42 U.S.C. 212(d)) and who is otherwise eligible but once fails to be recommended for permanent promotion to the Assistant grade will have his/her commission terminated.

7. Failure of Promotion; Senior Assistant or Full Grades. A reserve corps officer who has completed less than 20 years of creditable service for retirement eligibility purposes as defined in Section 211(d) of the PHS Act (42 U.S.C. 212(d)) and who is otherwise eligible but twice fails to be recommended for permanent promotion to the Senior Assistant grade or the Full grade will have his/her commission terminated.

8. Failure of Promotion; Senior Grade. A reserve corps officer who has completed less than 20 years of creditable service for retirement eligibility purposes as defined in Section 211(d) of the PHS Act (42 U.S.C. 212(d)) and who is otherwise eligible but twice fails to be

recommended for permanent promotion to the Senior grade will have his/her service records referred to an ITB.

9. Failure of Promotion; Director Grade. A reserve corps officer who has completed less than 20 years of creditable service for retirement eligibility purposes as defined in Section 211(d) of the PHS Act (42 U.S.C. 212(d)) and who is otherwise eligible but twice fails to be recommended for permanent promotion to the Director grade will have his/her service records referred to an ITB.

10. Request for Inactivation. An officer of the reserve corps who submits form PHS-1373, "Separation of Commissioned Officer," and requests separation from active duty and placement in the inactive reserve will have his/her commission terminated if one of the following conditions exists:

a. The Agency/Operating Division (OPDIV)/Program or program to which the officer was assigned while in active-duty status recommends in writing that the officer not be placed in the Inactive Reserve Corps.

b. An officer voluntarily requests to be released from active duty prior to completion of 2 years of service in active-duty status.

c. An officer voluntarily requests to be released from active duty prior to completion of an active-duty obligation.

d. A determination is made by appropriate authority that, based on established criteria, there is no potential program requirement for an officer of his/her grade, category, profession, or specialty.

11. Termination from the Inactive Reserve Corps. The commission of an officer in the Inactive Reserve Corps may be terminated without consent of the officer concerned under any one of the following circumstances:

a. PHS is not able to contact the officer after 2 written inquiries over a period of 90 days or the officer fails to respond to PHS attempts to make contact;

b. The officer fails to comply with a call-to-active duty order to a program in which the officer has volunteered to serve;

c. The officer fails to comply with a call-to-active duty order during a National emergency; or

d. The officer is not available for active duty because of professional, personal, or medical reasons.

e. The officer is not qualified for recall to active duty due to professional, medical or suitability/conduct issues.

## Section E. Termination of Regular and Reserve Corps Officers' Commissions

1. Refusal to Undergo Physical Examination and/or Furnish Information. The commission of an active-duty officer may be terminated if the officer (a) refuses to undergo a physical or psychiatric examination as directed by a Medical Review Board (MRB), or (b) is being considered by Medical Affairs Branch, DCP, for a review by a MRB to determine the officer's fitness-for-duty and/or refuses to supply requested information or undergo examination in preparation for review by such board.

2. Refusal to Accept Medical Supervision. The commission of an active-duty officer who fails to comply with an official order issued by the Director, DCP, to undergo medical evaluation or supervision may be terminated. The same applies to a directed psychiatric evaluation with the exception that such examination requires a certification of need from a licensed psychiatrist or medical psychologist. A directive by DCP to undergo medical or psychiatric treatment, as opposed to evaluation, is not mandatory, however, failure to comply with treatment will be taken into account by either an administrative or medical board upon determination of appropriate disposition.

3. Physically Unfit to Perform Duties. If a MRB finds that an active-duty officer has a physical disability which renders the officer physically unfit to perform the duties of his/her billet, office, rank, or category, and which is rated less than 30 percent, to include zero percent, the MRB will report its findings and recommendations to the appropriate authority. If such officer is not retirement eligible, he/she will be separated from active service, with severance pay.

   a. A reserve officer who is found fit for return to full duty following a period on the Temporary Disability Retirement List (TDRL) may be placed in the Inactive Reserve Corps (IRC) if no suitable assignment can be found.

   b. A reserve or regular corps officer who is found fit for return to full duty following a period on TDRL is subject to any and all administrative actions, including involuntary termination, that were pending prior to placement on the TDRL.

4. Pre-existing Physical Disability. If, at any time during the first 3 years of an officer's call-to-active duty (CAD), evidence becomes available that an officer has a medical condition which would have disqualified the officer for appointment had the existence of the condition been known to PHS at the time of appointment, the evidence will be reported to the Director, DCP. The Director, DCP, will review the evidence and make a determination whether or not a material non-disclosure occurred. Material non-disclosure is defined as the withholding of significant and relevant information during the application process regarding one's medical history or condition, or failing to inform Medical Affairs Branch, DCP, of a change in medical status following completion of the entry physical and his/her CAD. If the non-disclosure is considered to represent a significant risk or burden to the Government, then the withholding of information is deemed material and relevant. If the record contains evidence of material non-disclosure, the officer will be subject to disciplinary action pursuant to CC46.4-I1.

5. Medical Misconduct. Cases of serious illness, injury or disability that a MRB determines are the result of the officers' intentional misconduct or willful neglect or incurred during a period of unauthorized leave will be referred to the appropriate authority for disciplinary action, including possible termination.

6. Absence Without Leave (AWOL). The commission of an officer in the regular corps or the reserve corps may be terminated if the officer is absent without leave for 30 consecutive calendar days. The termination will be characterized as "dropped from the roll."

7. Security Requirements. The provisions of Executive Order No. 10450, dated April 27, 1953, as amended, entitled "Security Requirements for Government Employment," will be applicable to commissioned officers of the PHS; and, the Secretary, in accordance with the standards and procedures prescribed therein or adopted pursuant thereto, will (a) cause investigations to be made of commissioned officers of the PHS and of candidates for commission in the regular or reserve corps, in order to ensure that their appointments and their retention in office are clearly consistent with the interests of the national security, and (b) suspend from assigned duties or separate from the PHS any such officer upon a determination that such suspension or termination is necessary or advisable in the interests of the national security. (See 215, 58 Stat. 690; 42 U.S.C. 216; E.O. 10497, dated October 27, 1953).

8. Marginal or Substandard Performance. An officer's service records may be referred to an ITB when evidence exists that the officer's performance is marginal or substandard.

9. Misconduct. An officer may be referred to a BOI when evidence exists that the officer has committed acts of serious misconduct covered by CC46.4-I1. Based on findings and recommendations of the BOI, disciplinary action, including termination of commission and characterization of the discharge as less than honorable, may be taken against the officer.

10. Licensure/Certification Noncompliance. The service records of an officer may be referred to an ITB when there is evidence that the officer has been disciplined by a State, National or other licensing/certifying authority, had a license revoked or suspended, or the officer is otherwise in non-compliance with the licensure/certification requirements established for PHS commissioned officers in his/her professional category or discipline.

## Section F. Termination of Regular Corps Officers' Commissions

In addition to any actions that may be taken under Section D. above, the commission of an officer of the regular corps may be terminated without consent of the officer when such termination would be in the best interest of PHS and any one of the following conditions is present:

1. 3-Year File Review. At the end of an officer's first 3 years of service in the regular corps, the record of each officer originally appointed to the regular corps in the Senior Assistant grade or above will be reviewed by the Agency/OPDIV/Program and the Director, DCP, in accordance with applicable INSTRUCTIONs in Part 2 of the CCPM. The service records of officers who failed to meet established criteria will be referred to a 3-year File Review Board. The board will be composed of three or more commissioned officers of the regular corps, the majority of whom, so far as practicable, will be of the same professional category as the officer whose record is under review. Based on a review of the officer's service records, the board will recommend either: (a) that the officer be retained in the commissioned corps, with or without reassignment, temporary grade reversion or other disciplinary action, or (b) that the commission of the officer be terminated. If the commission of an officer is terminated under the provisions of this subsection, the officer will be paid 6 months of basic pay and allowances in accordance with Section 210(i) of the PHS Act (42 U.S.C. 211(i)).

2. Failure of Promotion of a Junior Assistant Grade Officer. A regular corps officer who has completed less than 20 years of creditable service for retirement eligibility purposes as defined in Section 211(d) of the PHS Act (42 U.S.C. 212(d)) and fails to be recommended for permanent promotion to the Assistant grade will have his/her commission terminated.

3. Failure of Promotion of an Assistant Grade Officer. A regular corps officer who has completed less than 20 years of creditable service for retirement eligibility purposes as defined in Section 211(d) of the PHS Act (42 U.S.C. 212(d)) and twice fails to be recommended for permanent promotion to the Senior Assistant grade will have his/her commission terminated and paid 6 months of basic pay and allowances in accordance with Section 210 (g)(1) of the PHS Act (42 U.S.C. 211 (g)(1)).

4. Failure of Promotion of a Senior Assistant Grade Officer. A regular corps officer who has completed less than 20 years of creditable service for retirement eligibility purposes as defined in Section 211(d) of the PHS Act (42 U.S.C. 212(d)) and after having been twice examined for promotion and fails to be recommended for promotion to the Full grade will have his/her commission terminated. A regular corps officer whose commissioned is terminated pursuant to this subsection will be paid 1 year of basic pay and allowances in accordance with Section 210(g)(2) of the PHS Act (42 U.S.C. 211(g)(2)).

5. Failure of Promotion of a Full Grade Officer. A regular corps officer who has completed less than 20 years of creditable service for retirement eligibility purposes as defined in Section 211(d) of the PHS Act (42 U.S.C. 212(d)) and who twice fails to be recommended for permanent promotion to the Permanent Senior grade will be considered not in line for promotion and will, at such time thereafter, as the SG determines, be retired from the PHS with retired pay. See generally Section 210(g)(3) of the PHS Act (42 U.S.C. 211(g)(3)). If retained on active duty however, the officer will serve in his or her permanent grade.

Section G. Voluntary Termination In Lieu of Disciplinary Actions

An officer may voluntarily separate from active duty in lieu of facing disciplinary actions. In such cases, the discharge will be characterized as "Honorable" with a notation "For the Good of the Service."

## Section H. Cross References

1. CC23.4-I1, "Permanent Promotion Program."

2. CC23.4-I2, "Temporary Promotion Program."

3. CC23.4-I5, "Failure of Permanent Promotion."

4. CC23.5-I4, "Billet Program."

5. CC23.5-I9 "Short Tours."

6. CC23.6-I3, "Form PHS-1373, 'Separation of Commissioned Officer'."

7. CC23.7-I1, "Involuntary Termination During the Probationary Period Served by Officers on Active Duty in the Reserve Corps."

8. CC23.7-I3, "Reduction in Strength Within the Public Health Service Commissioned Corps Due to Program Reductions."

9. CC23.7-I4, "Involuntary Termination of Regular Corps Officers for Marginal or Substandard Performance."

10. CC23.7-I6, "Involuntary Termination of Reserve Corps Officers for Marginal or Substandard Performance."

11. CC23.8-I1, "Types of Retirement and Creditable Service for Retirement Eligibility."

12. CC23.8-I4, "Involuntary Retirement After 20 Years of Service."

13. CC43.4-I1, "Promotions."

14. CC43.8-I1, "Retirement of PHS Commissioned Officers."

15. CC46.4-I1, "Disciplinary Action."

16. CC49.3-I1, "Medical Review Boards."

## Section I. Historical Notes

This INSTRUCTION replaced CC43.7-I1, "Separation of Officers in the Regular and Reserve Corps Without Consent of the Officers Involved," Transmittal No. 560, dated December 8, 1992, in which procedures for termination of Regular and Reserve corps officers' commissions were clarified.

PHS Commissioned Corps No. 560, dated December 8, 1992, amended CC43.7-I1, "Separation of Officers in the Regular and Reserve Corps Without Consent of the Officers Involved," Transmittal No. 310, dated February 20, 1980, in which the Secretary approved amendments to the regulations authorizing termination of the commissions of officers in the PHS Commissioned Corps who failed to comply with the PHS licensure policy.

PHS Commissioned Corps No. 310, dated February 20, 1980, CC43.7-I1, "Separation of Officers in the Regular and Reserve Corps Without Consent of the Officers Involved," Transmittal No. 290, dated October 25, 1979, in which the Secretary approved regulations pertaining to PHS commissioned officers who have less than 20 years of active service for retirement credit purposes, and includes a number of important administrative provisions.

PHS Commissioned Corps Transmittal No. 290, dated October 25, 1979, in which the Secretary, Health, Education, and Welfare, approved a Final Rule which deleted certain PHS Commissioned Corps regulations from the Code of Federal Regulations (CFR) and authorized their publication in the CCPM. The Final Rule was published in the Federal Register on August 9, 1979 (44 Fed. Reg. 46846-46847).

Section J. Privacy Act Provisions

Personnel records are subject to the Privacy Act of 1974. The applicable systems of records are 09-40-0001, "PHS Commissioned Corps General Personnel Records, HHS/PSC/HRS"; 09-40-0003, "PHS Commissioned Corps Board Proceedings, HHS/PSC/HRS"; and 09-40-0004, "PHS Commissioned Corps Grievance, Investigatory and Disciplinary Files, HHS/PSC/HRS."

Tommy G. Thompson

Secretary

APR 22 2002

Date