MANUAL: Personnel
Chapter Series CC--Commissioned Corps Personnel Manual
Part 4--Regulations

DEPARTMENT OF HEALTH AND HUMAN SERVICES
Public Health Service

Chapter CC46--Conditions of Service
Subchapter CC46.4--Officer's Responsibilities and Conduct
Personnel INSTRUCTION 1--Disciplinary Action

CONTENTS


| Section | Subject | Page |
|---|---|---|
| A. | Purpose and Scope | 2 |
| B. | Authorities | 2 |
| C. | Compliance with Orders | 2 |
| D. | Types of Misconduct | 2 |
| E. | Types of Disciplinary Action | 3 |
| F. | Investigations | 5 |
| G. | Termination of Commission | 5 |
| H. | Board of Inquiry | 6 |
| I. | PHS Representative | 6 |
| J. | Officer's Rights | 6 |
| K. | Conduct of the Hearing | 8 |
| L. | Action by the Board | 10 |
| M. | Action Upon Board Findings and Recommendations | 11 |
| N. | Travel Expenses | 11 |

## Section A. Purpose and Scope

The regulations prescribed in this INSTRUCTION establish the types of disciplinary action which may be taken against officers of the Commissioned Corps of the Public Health Service (PHS) and the requirements and procedures applicable to the separation of such officers for misconduct. The provisions of this INSTRUCTION shall apply to all commissioned officers, whether on active duty or retired. Officers detailed for duty with other uniformed services shall also be subject to the laws and regulations of the service to which detailed. The authority to terminate the commission of any such officer shall continue to reside with PHS. During the effective period of any Executive Order declaring the PHS Commissioned Corps to be a military service and prescribing that it shall be subject to the Uniform Code of Military Justice, disciplinary action may be prosecuted either in accordance with the provisions of such Executive Order or in accordance with the provisions of this INSTRUCTION.

## Section B. Authorities

Section 215 of the PHS Act (42 U.S.C. 216) authorizes the President to prescribe regulations with respect to the discipline of the PHS Commissioned Corps. This authority has been delegated to the Secretary, Department of Health and Human Services under Executive Order 11140, dated January 30, 1964.

## Section C. Compliance with Orders

Officers are required to observe and promptly obey the lawful orders of all official superiors.

## Section D. Types of Misconduct

Misconduct shall constitute grounds for disciplinary action pursuant to this INSTRUCTION. For purposes of this INSTRUCTION, misconduct shall include violation of the Department's Standards of Conduct Regulations (45 CFR Part 73) or of any other Federal regulation, law, or official Government policy to include, but not necessarily be limited to, the following:

1. Disobedience of the lawful orders of an official superior;

2. Negligence or carelessness in obeying orders or in performing official duties;

3. Unauthorized use or consumption of controlled substances or alcohol while on duty, being under the influence of such substances or alcohol while on duty, or illegally possessing, transferring, or ingesting controlled substances at any time;

4. Engaging in action or behavior of a dishonorable nature which reflects discredit upon the officer or PHS or both;

5. Failure to honorably discharge just debts in a timely manner;

6. Acts of insubordination or use of insulting or defamatory language or gestures disrespectful of, or displaying a contemptuous attitude towards, official superiors or other officers;

7. Making any public statement which falsely impugns the professional competency or personal character of a superior or another officer;

8. Waste of public funds or property, or knowingly permitting such waste;

9. Conviction of a felony;

10. Submission of false information in an application for appointment or in any other official document;

11. Abusive treatment of subordinate officers, employees, patients or program beneficiaries, or of members of the public in their dealings with the Government; or

12. Absence from his/her assigned place of duty without authorized leave.

Section E. Types of Disciplinary Action

1. Summary Actions. The Assistant Secretary for Health, the heads of PHS agencies, staff offices, regional offices, or their designees, or the Director, Commissioned Personnel Operations Division (CPOD), Office of Personnel Management (OPM), Office of Management (OM), PHS, shall have the authority to take the following actions:

   a. Letter of Reproval. A letter of reproval shall be issued in writing but shall not become part of the officer's official personnel folder maintained by CPOD.

   b. Letter of Reprimand. A letter of reprimand shall be issued in writing and shall be entered in the officer's official personnel folder maintained by CPOD for a period not to exceed two years from the date the reprimand is issued.

c. Suspension from Duty. Where it is determined to be in the best interests of the Government, an officer may be removed from duty and placed in a nonduty pay status pending resolution of the matter. This action is normally appropriate either because of the presence of allegations of sufficient severity to warrant removal from duty as a precautionary measure pending full investigation of such allegations or because of pending formal involuntary separation action, disciplinary action, or medical fitness for duty evaluation. All suspensions from duty pursuant to this authority shall be immediately reported to the Director, CPOD.

2. Actions Requiring a Hearing. When an officer is charged by his/her superior or by any responsible person or persons with conduct constituting grounds for disciplinary action under this INSTRUCTION, the officer may be ordered to appear before a board of inquiry. Upon a finding of misconduct, a board of inquiry convened pursuant to this INSTRUCTION may recommend any of the following actions to the Assistant Secretary for Health who may accept any such recommendation or take any lesser action as deemed appropriate:

a. Termination of Commission. Where the board recommends termination of an officer's commission, a further recommendation must also be made regarding the character of the officer's service according to the following guidelines:

(1) Characterization as "honorable" is appropriate when the quality of the officer's service generally has met the standards of acceptable conduct and performance. As such, it is normally inappropriate when the commission is being terminated for reasons of misconduct unless the officer's prior overall record is so meritorious as to clearly render any other characterization inappropriate.

(2) Characterization of service as "under honorable conditions" is appropriate where the service was honest and faithful but significant negative aspects of the officer's conduct or duty performance outweigh positive aspects of the officer's record.

(3) Characterization of service as "under other than honorable conditions" is generally only appropriate where there has been a pattern of significant departure from the conduct expected of officers or where the misconduct was of such severity as to warrant any other characterization as obviously inappropriate. Examples of factors that may warrant such a characterization of service include the use of force or violence to produce serious bodily injury or death, acts or omissions that endanger the security of the United States, or acts or omissions that seriously endanger the health and safety of other persons.

b. Reduction in Grade. Where the board recommends that the officer be reduced in grade, a specific recommendation must also be made with regard to promotion credit and seniority in the grade to which reduced.

## Section F. Investigations

1. Appointment of Special Investigator. Where allegations of misconduct have been made but are not immediately verifiable, the officials enumerated in Section E.1, above, may, subject to the limitations of Section F.2, below, appoint and dispatch a PHS officer or employee as a special investigator to conduct a full and thorough inquiry and prepare a formal written report which shall form the basis for determining whether disciplinary action is warranted.

2. Referral to the Office of the Inspector General. Where the allegations against an officer include possible violations of the United States criminal code, the matter will be immediately referred to the Office of the Inspector General (OIG) for investigation and no further independent investigation under Section F.1, above, will be conducted prior to the express concurrence of an authorized representative of OIG.

## Section G. Termination of Commission

The officer's commission shall not be terminated because of misconduct without the opportunity to have his/her case considered by a board of officers except in the following situations:

1. The officer's commission is being terminated because of absence without leave for 30 or more consecutive days.

2. An officer has been found guilty by a civil authority of one or more criminal offenses and has been sentenced to confinement for a period in excess of 30 days in a Federal or State penitentiary or correctional institution, with or without suspension or probation.

3. A reserve corps officer's commission is being terminated during the first three years (probationary period) of his/her current tour of active duty.

## Section H. Board of Inquiry

A Board of Inquiry will consist of at least three PHS commissioned officers in the Senior grade or above. The members, insofar as practicable, will be senior in grade to the officer being considered by the board. Three members present will constitute a quorum of the board. The Assistant Secretary for Health will appoint the board members and designate one member to serve as presiding officer. The Assistant Secretary for Health will convene the board as necessary and may appoint any PHS officer or employee as special advisor to the board to provide guidance on procedural matters and to assist in the interpretation of commissioned corps personnel policies and regulations.

## Section I. PHS Representative

The Assistant Secretary for Health shall assign as PHS representatives one or more PHS commissioned officers, not liable to be summoned as witnesses, to prepare a statement of the charges and specifications against the officer and to act in the interest of the Government before the board. No PHS representative shall be a member of the board. The PHS representative(s) shall investigate all the circumstances of the case and shall have the right to be furnished with such instructions and papers or copies thereof as may be necessary for his/her guidance. Where the allegations against an officer include possible violations of the United States criminal code, the matter will be referred to OIG in accordance with Section F.2, above, and further proceedings pursuant to this INSTRUCTION shall not be conducted without the prior express concurrence of an authorized representative of OIG. All personnel of the Department of Health and Human Services shall furnish such information within their knowledge or possession as may be requested by the PHS representative(s) except that OIG retains the discretion to withhold any information or material pertaining to an ongoing criminal investigation where such investigation might be compromised by release or disclosure of such information or material.

## Section J. Officer's Rights

1. Notice to Officer. An officer being considered for separation under this INSTRUCTION shall be given at least 30 days advance written notice that such proceedings are being initiated against him/her. Such notice shall be sufficiently detailed, factual, and specific concerning each allegation against the officer and will also include a summary of the officer's rights. The notice may effectively summarize the officer's rights by including a copy of this INSTRUCTION and referring to it in the text of the notice. The notice will also indicate the date, time, and place that the board is scheduled to convene as well as the name, grade, duty address, and duty telephone number of the PHS representative(s). Such notice shall also indicate the names and grades of the officers appointed to serve as board members.

2. Personal Appearance Before Board. An officer may appear in person, with or without counsel. The term "counsel" includes members in good standing of any bar of any State and such other persons who, in the opinion of the Assistant Secretary for Health, are considered to be competent to represent the officer in the board proceedings. The officer shall not be reimbursed for expenses in connection with the assistance of counsel.

3. Written Statements. An officer may, at any time before the board convenes or during the proceedings, submit to the board any answer, deposition, sworn or unsworn statement, affidavit, certificate or proposed stipulation.

4. Presentation of Witnesses. The officer may present witnesses before the board. The officer will be responsible for notifying his/her witnesses and arranging for their appearance at the time and place of the board proceedings.

5. Challenges. An officer may not peremptorily challenge a member of the board. The officer, however, may submit in writing to the Assistant Secretary for Health, for appropriate action, any relevant matter which, in the officer's opinion, indicates that a particular member or members should not sit on his/her case. Such documentation must be received by the Assistant Secretary for Health no later than fifteen (15) calendar days prior to the date upon which the board is scheduled to convene.

6. Records. Upon request, the officer shall be furnished copies of any records which the presiding officer considers relevant to the officer's case at any time during the board proceedings. The officer shall also be furnished a copy of the board report.

7. No Right to Discovery. The officer will have no right to discovery (such as the taking of depositions, the serving of interrogatories, etc.) beyond what may be informally arranged and mutually agreed to by the PHS representative and the subject officer or his/her counsel. It is the policy of PHS to encourage such informal cooperation to the extent practicable and feasible.

8. Postponements and Continuances. The officer is not entitled as a matter of right to any postponement of the board proceedings. The officer may, however, submit a timely request for postponement for good cause shown to the Assistant Secretary for Health. It shall lie entirely within the discretion of the Assistant Secretary for Health whether to grant such a request for postponement. A failure to respond to a request for postponement shall be deemed a denial of the request. It is the officer's responsibility to ensure that any request for postponement is received in a timely manner. Once the board is in session, requests for postponement will not be entertained but requests for continuances may be directed to the presiding officer who shall have the sole authority to rule upon them.

9. Failure to Invoke Rights. An officer's failure to invoke any of these rights shall not be considered as a bar to the board proceedings, findings, opinion, or recommendations.

## Section K. Conduct of the Hearing

1. By Presiding Officer. The hearing will be conducted subject to the procedural rulings of the presiding officer. The officer, insofar as practicable, will be provided an opportunity to make a full and fair presentation of his/her case. The board will not be limited by formal rules of evidence but will maintain reasonable bounds of competency, relevancy, and materiality. Oral and written matter which would be inadmissible in a court of law will not necessarily be rejected. The presiding officer shall rule upon all questions pertaining to such matters as continuances, adjournments, recesses, acceptability of offered evidence, and the propriety of any argument, statement, or question of the PHS representative, the subject officer, or his/her counsel.

2. Officer's Presence or Representation.

   a. If the officer, after being properly notified, fails to appear at the time and place set for the proceedings, the board may consider the case in accordance with this INSTRUCTION, despite the absence of the subject officer or his/her counsel.

   b. If the officer is present, with or without counsel, the record will be considered in conjunction with any additional evidence offered by either the subject officer, his/her counsel or the PHS representative.

3. Order of Proceedings. The charges and specifications will be read and the subject officer will be permitted to respond to each separate charge and specification indicating whether it is admitted or denied. Any charge or specification which is admitted shall be deemed to be proved. In the absence of any response to a particular charge or specification, it shall be deemed to be denied. The order of presentation of evidence shall then be as follows:

   a. Opening statement by the PHS representative;

   b. Opening statement by the subject officer or his/her counsel;

   c. Presentation of witnesses and other evidence by the PHS representative;

   d. Presentation of witnesses and other evidence by the subject officer or his/her counsel;

   e. Presentation of any rebuttal witnesses or other rebuttal evidence by the PHS representative;

f. Presentation of any additional witnesses or other evidence offered in surrebuttal by the subject officer or his/her counsel;

g. Summation by the PHS representative; and

h. Summation by the subject officer or his/her counsel.

4. Testimony. All testimony before the board will be given under oath or affirmation. Each witness will be subject to cross-examination and to redirect examination unless the right to conduct either is waived. Further examination will ordinarily be allowed only upon a showing of extraordinary circumstances which, in the opinion of the board, warrant such examination in the interests of justice. The board may itself conduct such examination of any witness as it deems appropriate. In the event that any party seeks to impeach the credibility of a witness other than through cross-examination, that witness may be recalled for the purpose of rehabilitating his/her prior testimony.

5. Examination by Board. An officer may submit to examination by the board but is not required to do so unless he/she has made a statement to the board, either orally or in writing.

6. Transcript. It shall not be mandatory that a board make or maintain a verbatim or detailed transcript of its proceedings. However, a record of sufficient detail to show the basis for the findings of fact shall be maintained. The Assistant Secretary for Health may require that a record of a specified type (tape recording, stenographic recording, etc.) be made, but in the absence of an express requirement for more extensive material, a report as outlined in Section L.2, below, accompanied by all correspondence, exhibits, and other written material considered by the board shall constitute an adequate record under these procedures.

7. Burden of Proof. The PHS representative shall bear the burden of proving the existence of culpable misconduct by a preponderance of evidence.

Section L. Action by the Board

1. Deliberations. Board deliberations and voting will be conducted in closed session at which only board members and designated support personnel, such as stenographers, will be permitted to be present.

2. Report of the Board. The report of the board shall include the following:

   a. A summary of the individual officer's service and background;

   b. A summary of the acts or omissions ascribed to the officer under consideration in the allegations, reports, or other circumstances prompting consideration of the case by the board;

   c. A summary of the position taken by the officer under consideration with respect to the allegations, reports, or other circumstances in question and the acts or omissions ascribed to the officer; and

   d. Findings and recommendations of the board. A separate finding must be made for each charge and specification indicating whether it is proved, not proved, or proved in part. Where the board finds that misconduct did in fact occur, it may recommend any of the actions specified in Section E.2, above.

   The report will be signed by all board members concurring and the statements which are concurred in by a majority of the members will constitute the report of the board.

3. Minority Report. Any board member(s) not concurring with the majority shall sign and submit a separate minority report(s), setting forth the extent of his/her (their) concurrence and nonconcurrence, the reasons, and the variant findings, opinions, or recommendations, as appropriate. Each minority report submitted shall be attached to the board report and shall be considered by the Assistant Secretary for Health in reviewing the report.

4. Record of Proceedings. When the board has completed its deliberations, a record of proceedings shall be prepared. The record shall include the report of the board, minority report(s) if any, and any transcript, recording, or other summary of the proceedings. The record so prepared shall be certified by the presiding officer as being true and complete.

## Section M. Action Upon Board Findings and Recommendations

1. Exoneration. Upon a board finding that the PHS representative has failed to sustain the burden of proof as to the existence of any culpable misconduct, a copy of the board report shall be provided to the officer or his/her counsel documenting such finding of exoneration and no further action shall be taken.

2. Discipline. Upon a board finding that any of the charges of misconduct have been adequately substantiated, the record of the board proceedings shall be transmitted to the Assistant Secretary for Health. The Assistant Secretary for Health may then order further investigation by the board or may approve and adopt the board findings and either direct implementation of its recommendations in whole or in part or, upon the basis of such findings, may order punishment or a grant of clemency or other disposition not inconsistent with the provisions of this INSTRUCTION. In no event shall the action taken be of greater severity than that which has been recommended by the board. Upon adopting a board recommendation that the officer's commission be terminated, the Assistant Secretary for Health may approve the characterization of service recommended by the board or one more favorable but shall not approve a characterization of service less favorable than that recommended by the board. The decision of the Assistant Secretary for Health shall be final.

## Section N. Travel Expenses

The Assistant Secretary for Health may authorize necessary travel entitlements for any PHS commissioned officer or employee requested to participate in any hearing or proceeding under this INSTRUCTION.

Approved.

[signature] Date 4-26-83
Secretary